JOSEPH DAVIS and wife, plaintiffs in error, *vs.* ABEL B. HUNTER, defendant in error.

When the fee or inheritance in negroes is given by a grand-father to his grandchildren, and the usufruct to the mother, the daughter of the donor, and the children, for their support and maintenance during the natural life of the mother, and a trustee is appointed to execute the purposes of the instrument; he is entitled to the possession of the property, to enable him to perform the trust. especially since the children have grown up; and this is the only way in which they can participate in the bounty of their ancestor.

In Equity, in Harris Superior Court. Decided on demurrer, by Judge WORRELL, April Term, 1857.

Davis vs. Hunter.

This was an injunction bill, filed by Joseph Davis and his wife, Lucy, against Abel B. Hunter.

The bill sets forth, that on the 14th day of Feb. 1824, Joseph Burks, the father of Mrs. Davis, then Mrs. Barden, executed a deed of gift, of certain property, amongst which was two negro women, Matilda and Kitty, to the said Lucy and her then husband Larkin Barden, and her children, then, or afterwards born, for their support and maintenance, during the natural lives of said Lucy and Larkin, remainder to the children ; and therein appointed his son John Burks trustee to execute the trusts of said deed. That upon the execution of the said deed, the negroes were delivered to Barden and wife ; that Barden was an improvident and drinking man, not competent to manage and take care of property, and a few years thereafter died. That said Lucy had a large family of children, to-wit: eight, and that said negroes constituted almost her only means of support, and that it was the intention of her father, that she should have personal possession of the negroes and their increase, for the purpose of waiting upon her, and working to aid in raising and educating her large family of children, until the said children should come of age, and be able to support themselves. That John Burks the original trustee, well knowing this to be the intenion of said donor, always allowed the negroes to remain in her possession, and this for more than twenty-five years. That in 1849, said Lucy married Joseph Davis, and said negroes after that event, still continued in their possession, without objection, on the part of any of the children, or said trustee, and have so continued ever since, and with their increase now consist of the four following, to-wit: Sophy, Kitty, Mary and Willis. That Davis has but little property and all of said negroes are not more than sufficient to afford said Lucy an economical support, and that in her old age, they are necessary to her comfort.

The bill further alleges, that soon after the marriage of complainants, the children claiming to be remainder-men

under said deed, instituted a suit in equity, to compel complainants to give bond and security for the forth-coming of the negroes, at the death of said Lucy; and upon the final hearing of said cause, it was decreed that said Larkin should execute the bond and security required, which bond was given in obedience to said decree, and the negroes allowed to remain in complainant's possession.

The bill further alleges, that with a view of still further harassing complainants and depriving them of the services of said negroes, the children of said Lucy, procured the dismissal of said John Burks from the trusteeship, and had Abel B. Hunter appointed in his place; and that said Abel has commenced an action of trover against Davis for the recovery of the negroes.

That by the strict rules of law complainants are advised they will be unable to defend said action at law, and can only have adequate relief and be enabled to avail themselves of their defence in a Court of Equity. The bill prays that the action at law be enjoined, &c.

Defendant demurred to the bill and moved a dissolution of the injunction. After argument, the Court sustained the demurrer, and dissolved the injunction, and counsel for complainants excepted.

INGRAM & CRAWFORD, for plaintiffs in error.

RAMSEY & KING, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The proper interpretation of the deed made by old man Burks is, that the title or "inheritance" as he calls it, to the property conveyed by the instrument, was intended to be given to his grand children; and that they, together with their mother, his daughter, and her husband, should enjoy jointly, the usufruct during their mother's life. And a trustee was appointed to protect the property and see that the

purpose of the donor should not be frustrated. Now the daughter having lived, likely beyond the time foreseen by the father; in order to carry out his design, it has become absolutely necessary, that the trustee should have the possession and control of the negroes. While the children were young, all might be kept together, as all were sharing the benefits in common. But this period is past; and in any view of Mrs. Davis's rights and interests, the trustee is entitled to the possession of the slaves. We see nothing in the deed which gives to the mother any other or greater interest, than as joint tenant or tenant in common with her children.

Our judgment is, that there is no equity in the bill; and that the injunction ought to have been dissolved. It should have been dissolved for the further reason, that every matter set up in the bill, can be made fully available at law.

Judgment affirmed.